ALBERT E. SHEETS *vs.* JOHN A. PAINE.

Opinion filed May 4, 1901.

**Tax Deed—Validity—Sufficiency of Description.**

This action was brought to foreclose a mortgage upon lands situated in Nelson county, described as follows: The S. ½ and the N. W. ¼ of the S. W. ¼ of Section 18, and the N. W. ¼ of the S. W. ¼ of Section 19, all in township No. 150 N., of Range 58 W. The defendant, Paine, answered the complaint, and alleged title in himself to the lands under a tax deed issued pursuant to a tax sale for taxes of 1890. The tax deed is regular on its face, and is in the form prescribed by section 7, Chap. 100, Laws 1891. None of the land was attempted to be described in the assessment book of 1890, except as follows: In the column of said book headed "Description," and opposite the name of the owner, the following letters and figures are written: "S. E. 4 S. W. 4. W. 2 S. W. 4,"—which letters and figures were opposite the figures "18" in the assessment book, in the section column. Under the owner's name were certain ditto marks, and opposite these, in the column headed "Description," were the following letters and figures: "N. W. 4 N. W. 4." And these were followed by the figures "19" in the section column. There was no town or range stated opposite these letters and figures in the assessment book; nor was there an attempt to indicate, either by figures or ditto marks, in what town or range said sections 18 and 19 were situated. Against objection, defendant offered oral evidence tending to show that the lands were in fact situated in township 150 of range 58. *Held,* that the description was fatally defective, and could not be cured by oral evidence. The assessment was totally void, and the defect in the description was one going to the ground work of the tax, and jurisdictional. The tax deed in question, which is based on a sale for said taxes of 1890, is void.

**Redemption Certificates—Liens.**

Certain tax receipts and redemption certificates offered in evidence, and referred to in the opinion, and which were given to defendant by the county treasurer, do not operate as liens upon the land in question. The payments made by the defendant to the treasurer for which said tax receipts and redemption certificates were issued were volunteered, and were not made at a time when the defendant had any title to or interest in the land.

Appeal from District Court, Nelson County; *Fisk*, Dist. J.

Action by Albert E. Sheets against John A. Paine. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Newton & Smith,* for appellant.

*Templeton & Rex,* for respondent.

WALLIN, C. J. In this action judgment was entered for the plaintiff in the Court below after a trial without jury. The defendant, Paine, alone appeals from said judgment to this Court, and in the statement of the case a trial anew is demanded in this Court of the entire case. The action is brought to foreclose a mortgage covering certain real estate situated in the county of Nelson, in this state, and

described as follows: "The south one-half and the northwest quarter of the southwest quarter of section eighteen, and the northwest quarter of section nineteen, all in township 150 north, of range 58 west, containing 160 acres, more or less." The complaint alleges that the defendant, John A. Paine, claims some title or interest in said lands, or lien thereon, under and by virtue of certain tax sales, tax certificates, and tax deeds. The defendant, Paine, answers the complaint and alleges ownership in himself of the lands described in the complaint. Defendant bases his claim of ownership upon a certain tax deed issued to defendant by the county auditor of Nelson county, dated the 20th day of June, 1895, and which is in the form prescribed in § 7 of Chap. 100 of the Laws of 1891; and the deed is based upon an assessment of the lands made, or attempted to be made, in the year 1890. The answer sets out, secondly, a tax certificate describing the land, based upon a tax sale made in December, 1892, for the taxes of 1891. This certificate is based upon an attempted assessment of the land made in the year 1890. The answer also sets out a redemption certificate describing the land, based on a redemption made by the defendant from a tax sale for the taxes charged against the land for the year 1892. The answer next sets out that the defendant paid the taxes charged against the land for the year 1893, and took a receipt from the county treasurer of Nelson county for such judgment. The answer further states that said defendant paid the taxes on the land for the year 1894, and took the treasurer's receipt therefor. The answer also states that the lands were sold for taxes levied thereon in the year 1895, and were struck off to said defendant, and that the defendant received a tax certificate based upon such sale, and still holds and owns the certificate. It is further alleged that the defendant purchased said lands, and received and now holds a tax certificate issued on said sale, which is based upon the taxes charged against said lands in the year 1896. The answer further avers that defendant paid the taxes assessed against the lands for the year 1898, and took a tax receipt therefor, which he now holds. The defendant prays for affirmative relief as follows: First, that the action be dismissed; second, that the defendant be adjudged to be the owner in fee of said land; and, finally, if the Court shall determine that the defendant is not the owner in fee of the lands, that an accounting of said taxes be had, and the amount thereof, with interest and penalty, be added thereto, and that such aggregate be adjudged to be a lien upon the land prior to and superior to any lien of the plaintiff. It is conceded that the mortgage sought to be foreclosed in this action is the first lien on the lands in question, unless the tax deed and tax certificates and receipts as set out in the answer are superior to the mortgage lien, and no point is made in the appellant's brief which does not relate to the tax proceedings.

The defendant's tax deed is regular upon its face, but the plaintiff claims that said deed is void for want of assessment; and in support of this contention the plaintiff put the assessment book for the year

1890 in evidence, from which it appears that none of the lands in question were attempted to be described in the assessment of that year, except as follows: Under the heading "Name of Owner" we find the name "Andrew Lewis." Against this name, and in the column headed "Description," we find the following letters and figures: "S. E. 4 S. W. 4 W. 2 S. W. 4." Again, under the name of "Lewis," there are no ditto marks, thus: " " And opposite these, and directly under said letters and figures, are found, in the column headed "Description," the following letters and figures: "N. W. 4 N. W. 4." These letters and figures, under the repeated decisions of this Court, are entirely insufficient as descriptions of land upon which title can be built up under the laws governing tax proceedings. See *Power* v. *Larabee,* 2 N. D. 141, 49 N. W. 724; *Power* v. *Bowdle,* 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511; *Keith* v. *Hayden,* 26 Minn. 212, 2 N. W. 495; *Kern* v. *Clarke,* 59 Minn. 70, 60 N. W. 809.

But there is another defect in the assement of 1890 which is equally fatal. The land is situated in congressional township 150 of range 58, but this fact does not appear on the face of the assessment book, but is omitted therefrom. In the form or blank upon which the assessment is made there are columns headed "Township" and "Range," but the same do not contain either figures or ditto marks. Opposite the name of the owner of the lands in question the spaces in said columns are blank. At the top of the column, under the word "Township," "150" is written in figures; and, under the word "Range," "58" is written in figures. Below these figures ditto marks are made against all descriptions of land, down to and including the description next preceding said name of Andrew Lewis. There is a blank space next above the name of Lewis, in which there are neither figures nor ditto marks, indicating either town or range; and, as we have said, the same omission occurs opposite the name of Lewis. It is impossible, therefore, to determine by an inspection of this assessment either town or range in which the lands in question are situated. The assessment shows possibly that Andrew Lewis owns lands in sections 18 and 19 in Nelson county, but it wholly fails to identify the particular sections, because, as has been shown, the town and range being omitted, the particular sections cannot be located by any data furnished by the assessor. To cure this glaring omission in the assessment, the defendant, against objection, introduced oral evidence tending to show that the lands opposite the name of Andrew Lewis were in fact located in congressional township numbered 150 of range 58. This evidence was wholly incompetent to supply a radical defect in description in an assessment. An assessment of land is required to be written in a public record, and all subsequent steps in the process of laying the tax relate back to such written description. This rule is no longer open to debate in the courts of this state. In *Power* v. *Bowdle,* supra, this Court said: "There can be no such thing as a parol assessment of land. The law requires a definite record, and no other evidence of the assessment

is competent." To this it may be added that the rights of a purchaser
at a tax sale are fixed at the time of his purchase, and his title de-
pends upon the validity of the proceedings had anterior to the pur-
chase. Nor can his rights be enlarged by any evidence introduced
to supply fatal omissions which constitute defects which are funda-
mental and jurisdictional to the tax. This Court has held, in har-
mony with an overwhelming weight of authority, that an .assess-
ment of land under the revenue system of this state is a vital element
in laying a tax upon the land, and that its omission is fatal to a tax.
This rule is so inflexible. that it has been applied to cases where the
statute has barred an action to annul a tax deed. The statute of
limitations does not operate in a case where the land has never been
assessed. See *Roberts* v. *Bank*, 8 N. D. 504, 79 N. W. 1049; *Sweigle*
v. *Gates*, 9 N. D. 538, 84 N. W. 481. Nor can a tax deed based upon
a void assessment be made conclusive by any recitals contained in the
deed. This would be beyond legislative power, and would constitute
an arbitrary confiscation and transfer of property in defiance of con-
stitutional guaranties surrounding vested rights in property. In
the leading case of *Marx* v. *Hanthorn*, 148 U. S. 172, 13 Sup. Ct.
508, 37 L. Ed. 410, the Court said: "It is competent for the legis-
lature to declare that a tax deed shall be *prima facie* evidence not
only of the regularity of the sale, but of all prior proceedings and of
title in the purchaser; but the legislature cannot deprive one of his
property by making his adversary's claim to it, whatever that claim
may be, conclusive of its own validity, and it cannot, therefore, make
the tax deed conclusive evidence of the holder's title to the land."
See, also, *Strode* v. *Washer*, 17 Or. 50, 16 Pac. 926; *Railroad Co.* v.
*Galvin*, (C. C.) 85 Fed. 811. In this state and many others the rule
has become a settled rule of property that a valid assessment of land,
evidenced by a record officially made, is an essential prerequisite
to a valid tax, and that its omission is a jurisdictional defect fatal
to the tax. See case above cited. Appellant's counsel cites § 72,
Chap. 132, Laws 1890, and argues that the deed can only be attacked
upon grounds named in said section as grounds upon which a tax
sale can be attacked. The tax sale and certificate are not directly
assailed in this case. The certificate has merged in the deed and has
been surrendered, and defendant stands on a tax deed. He has no
rights which are assured by the certificate. But the certificate
issued on the sale would, upon grounds already stated, be as worth-
less and inoperative as the deed, and, upon the proof in this case,
would therefore be ineffectual as a lien if no· deed had been issued.
Appellant's counsel contends that only matters .prescribed by the
constitution of the state are jurisdictional to a tax. Without conced-
ing the soundness of this contention, we are quite willing to let the
organic law speak as to any point made in this case. Section 174,
in terms, recognizes the necessity of an assessment as a basis of tax-
ation. This same section requires the legislature to "provide for
raising revenue," and § 179 provides that all property shall be
assessed "in the manner prescribed by law." These provisions

not only presuppose an assessment (i. e. an official valuation) of property, as preliminary to a tax levy thereon, but they call upon the legislative assembly to provide by law the way and manner of raising the necessary revenue. The legislature of the state has proceeded to execute the mandate of the constitution by the enactment of revenue laws, and in the case at bar no claim is made that any part of the revenue law is repugnant to the constitution. No feature of the revenue law is or can be more fundamental to a tax than that requiring an assessment as a basis for taxation. Nor can any assessment of real estate be made or conceived of under our statutes which does not include a description of the land to be assessed. In this case we shall hold that the assessment in 1890 of the lands involved is void for want of a description of the lands. It must follow, and we so hold, that the tax deed set out in the defendant's answer is void *ab initio,* and this because it rests upon a void assessment. The taxes of 1891 rest upon the assessment of 1890, and hence, for reasons already given, the same were never valid taxes. The sale and the tax certificate issued thereon are void, and said certificate is therefore not a lien upon the lands in suit. It is beyond the power of the legislature to either transfer land or incumber it by a lien under the pretense of a sale for delinquent taxes in a case where no valid tax has been assessed or levied. See authorities supra.

Taxes were again charged against the lands, based upon an alleged assessment of 1892, upon which a sale was made in 1893. The defendant redeemed the lands from such sale, and now asks that the sum paid to make such redemption be charged as a lien upon the lands superior to plaintiff's mortgage. But the defendant had no right to make such redemption or to pay such taxes, other than the rights which he acquired under the tax deed and tax certificate which have been considered and held to be worthless. The defendant therefore was, as to these lands, a mere volunteer. He may have paid the taxes and redeemed the land in good faith, but this does not change his legal relation to the land; nor does such good-faith payment enable the Court in this action to fasten a lien upon the lands superior to the plaintiff's mortgage lien. Defendant's remedy, if any, is against the county. See *Roberts* v. *Bank,* 8 N. D. 504, 79 N. W. 1049; *McHenry* v. *Bret,* 9 N. D. 68, 81 N. W. 65. The defendant offered a tax receipt in evidence given by the county treasurer for taxes on the land for the year 1894. The evidence was objected to and was incompetent for the reasons and upon the grounds last above set out. Such taxes were paid by a stranger to the land.

The lands were again struck off to defendant at a tax sale in the year 1896 for the taxes charged against them in 1895, and the certificate of sale was put in evidence, and defendant claims that the certificate operates as a lien superior to plaintiff's mortgage. The taxes of 1895 were levied upon an assessment made in 1894. The assessor's book for 1894 was put in evidence, and it shows that the attempted description of the land found there omits to state or show,

by either figures or ditto marks or otherwise, what township or range the land is in. In brief, the columns headed "Township" and "Range" in said book are wholly blank from top to bottom. This assessment was sought to be bolstered up by oral evidence to the effect that the lands in question, and attempted to be described in said book as parcels, were in fact situated in congressional township numbered 150 of range 58. The evidence was incompetent, for reasons already advanced in this opinion. Said tax certificate is wholly void, and the same does not operate as a lien upon the lands. It rests upon a void tax.

Again, the lands were struck off to the defendant for taxes attempted to be assessed against them in the year 1896. This certificate is in evidence, and defendant claims that it constitutes a lien upon the lands. But the assessment in 1896 is defective and void for the same reason last above stated; viz: that the assessor, in attempting to describe the lands in the assessment book of 1896, omitted to state in any manner the township or range in which they are located. The assessment is therefore void for want of a proper description of the lands. The certificate must fall with the assessment.

Defendant paid the tax of 1898, but in doing so he was a volunteer; and, upon the authority already cited, he can gain no rights by a volunteer payment of taxes.

Our conclusion is that the defendant did not acquire either a title to or a lien upon the land by reason of the tax deed or the tax certificates or tax receipts put in evidence. The judgment of the trial court must be affirmed. All the judges concurring.