## PAINE v. GERMANTOWN TRUST CO.

(Circuit Court of Appeals, Eighth Circuit, March 13, 1905.  On Rehearing, April 13, 1905.)

### No. 2,111.

1. TAXATION—ASSESSMENT—DESCRIPTION OF LAND—SALE.
    An assessment of land for taxes, describing it as the N. W. ¼ of section 9, under a caption in the assessor's book "Real Property Assessed for the Township of Dahlen, County of Nelson, and State of North Dakota," but containing no range or government surveyed township number, was insufficient to support a sale thereof.

2. SAME—PAROL EVIDENCE.
    Where the description of property sought to be assessed for taxes was fatally defective, in that it contained no township or range number, parol

evidence was inadmissible to show that a township "named" in the assessment embraced a certain specified government surveyed township of a certain range.

3. SAME—TAX DEED—OBJECTIONS—STATUTES.

Where a tax assessment was wholly void for want of a sufficient description of the property, a sale of the land for the taxes so levied and the tax certificate issued to the purchaser was void, notwithstanding Laws N. D. 1890, p. 404, c. 132, § 72, limiting the grounds of attack on the certificate of purchase at a tax sale.

4. SAME—STATE BOARD OF EQUALIZATION—LEVY—PERCENTAGES—STATE DECISIONS—FEDERAL COURTS.

A ruling by the Supreme Court of North Dakota that its state board of equalization was entitled to levy taxes in percentages under the statutes of that state would be followed in the federal courts with respect to land located in that state and sold for taxes there assessed.

[Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

On Rehearing.

5. TAXATION—REDEMPTION—EQUITY.

Where a bill was filed to determine the validity of successive tax levies and certificates issued under tax sales, and to have the deeds made or threatened to be made thereon set aside as casting clouds on title, the court having obtained jurisdiction of the whole matter and found that several of the assessments were void, complainant, being entitled to redeem as to the only valid assessments at the time the bill was filed and having offered to do equity, was not deprived of the right to a decree quieting his title by the termination of his right to redeem pendente lite.

6. SAME—VOID SALE—TENDER OF TAXES.

Where a tax sale of land was void, the payment of the taxes by the purchaser was the act of a mere volunteer, so that the landowner was not bound to pay the taxes and interest so paid by such purchaser as a condition to his right to have the purchaser's certificates and deeds vacated.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 1612.]

Appeal from the Circuit Court of the United States for the District of North Dakota.

In January, 1890, one William Ottinger, of Philadelphia, Pa., died testate, owning the N. W. ¼ of section 9, township 154, range 57 W., Nelson county, N. D. The designated trustees under the will of said Ottinger by death and resignation retired from the testatorship thereunder, and the appellee in due form of law became the administrator of the estate with the will annexed, and under proper proceedings became the ancillary administrator in said Nelson county, state of North Dakota. Under certain foreclosure proceedings of a mortgage and mesne conveyances the Germantown Trust Company became possessed of the legal title to said real estate for the use and benefit of said estate, and thereupon brought its bill in equity, alleging that the appellant under certain sales of said land for delinquent taxes for certain designated years had obtained tax deeds, and held tax certificates of sale on which he was threatening to proceed to obtain deeds to said land. The validity of said deeds and tax certificates were assailed for reasons which will appear in the following opinion. The prayer of the bill was to remove said tax deeds and certificates of sale as clouds on appellee's title, and to enjoin the appellant from taking further steps to obtain deeds under maturing certificates. On the proofs the court found and decreed that the deed obtained on sale of the lands for the year 1891 was null and void, and ordered the same canceled from the records of the county; that the tax certificate issued to the appellee on November 20, 1896, on sale for taxes for the year 1895 was wholly void, and the certificate was ordered canceled from the records of the county; that

the tax certificates held by appellant on tax sales for the years 1897, 1899, and 1900 were valid. But, after finding and stating the amount of taxes, interest, and penalties paid by appellant thereon, and what had accrued thereafter, aggregating the sum of $201.96, the court ordered that said sum should be paid by appellee within five days after the entering of the decree, upon the payment of which the appellant should stand restrained and enjoined from asserting or attempting to assert any claim, right, or title to the premises by virtue of the tax certificates so found to be valid, or by virtue of the taxes paid by him on said premises, and that upon the payment of said sum the county auditor of Nelson county be restrained and enjoined from issuing to said Paine any tax deed or deeds upon the certificates aforesaid, and from taking any steps or action in relation thereto, except to cancel the same from the records, and that, in the event of the failure on the part of the appellee to pay said sum of money within the period aforesaid, the appellant should have the right, and he might proceed, to perfect his title to said real estate under the tax certificates adjudged to be valid in the manner prescribed by law. From this decree the defendant below, J. A. Paine, has appealed.

Seth Newman, for appellant.
C. J. Murphy and Fred S. Duggan, for appellee.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

PHILIPS, District Judge, after stating the case as above, delivered the opinion of the court.

Discussion as to the validity of the deed based on the assessment for the year 1891, on valuation of 1890, is rendered unnecessary, as counsel for appellant concedes in his brief that the description of the land given in said assessment and the amount based thereon "were absolutely void, and for the purpose of this appeal it may be eliminated from consideration."

The tax certificate issued November 20, 1896, based on tax of 1895, assessment roll of 1894, is assailed for invalidity of description of the land. The assessment roll is as follows:

"Real Property Assessed for the Township of Dahlen, County of Nelson, and State of North Dakota for the Year 1894.

| Owners' Name. | Description. | Sec. or Lot. | Twp. or Range. | Blk. |
|---|---|---|---|---|
| F. W. Iddings | N. W. 1-4 | 9" | | |

It will be observed that under the heading "Twp. or Range" the description is blank. Neither township nor range is given. The validity of this assessment is controlled by the decision of the Supreme Court of North Dakota in Sheets v. Paine, 10 N. D. 103, 86 N. W. 117, involving the claim of this same appellant to lands in the same county, under a description in the assessment roll better, if anything, than the one in question. Notwithstanding in that case the assessment list itself, perhaps, was sufficient to show that Andrew Lewis, the reputed owner of the land, owned land in sections 18 and 19, and although these sections were located in township 150, range 58, yet the assessment, tax certificate, and deed based thereon were held to be absolutely void, because "it is impossible to determine by an inspection of this assessment either town or range in which the lands in question are situated."

Counsel for appellant seeks to differentiate the case under review

136 F.—34

from that by directing attention to the fact that the land here is designated by the caption in the assessor's book, to wit, "Real Property Assessed for the Township of Dahlen, County of Nelson, and State of North Dakota for the Year 1894." Aside from the suggestion made in appellee's brief that the assessment roll in the Sheets Case contained a like heading, and has caused to be filed here a certified copy of the record in that case from the clerk's office of the Supreme Court of North Dakota showing that fact (which we need not consider), it is to be assumed that the assessor's book, giving a list of the names of the owners and the lands set opposite their names, naturally had some heading as to the proper name of the township in which the land was situated. The name of "Dahlen" would not, ipso facto, advise the court of the congressional township and range in which section 9 was located. In the Sheets Case the defendant,.as in this case, undertook to cure the infirmity on the face of the description by evidence aliunde to the effect that the lands opposite the name of Lewis were in fact in township 150, range 58. The appellant here sought to show by parol evidence that Dahlen township embraced the government surveyed township 154 of range 57. Of this the court said in the Sheets Case:

"To cure this glaring omission in the assesment, the defendant, against objection, introduced oral evidence tending to show that the lands opposite the name of Andrew Lewis were in fact located in congressional township numbered 150 of range 58. This evidence was wholly incompetent to supply a radical defect in description in an assessment. An assessment of land is required to be written in a public record, and all subsequent steps in the process of laying the tax relate back to such written description. This rule is no longer open to debate in the courts of this state. In Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511, this court said: 'There can be no such thing as a parol assessment of land. The law requires a definite record, and no other evidence of the assessment is competent.' To this may be added that the rights of a purchaser at a tax sale are fixed at the time of his purchase, and his title depends upon the validity of the proceedings had anterior to the purchase. Nor can his rights be enlarged by any evidence introduced to supply fatal omissions which constitute defects which are fundamental and jurisdictional to the tax."

Contention in the Sheets Case was made, as in the brief of appellant here, that the statute gave such force to the certificate of purchase at the tax sale as.to limit the grounds of attack, such as do not include the method adopted by appellee. Of this the court said:

"Appellant's counsel cites section 72, c. 132, p. 404, Laws 1890, and argues that the deed can only be attacked upon grounds named in said section as grounds upon which a tax sale can be attacked. The tax sale and certificate are not directly assailed in this case. The certificate has merged in the deed, and has been surrendered, and defendant stands on a tax deed. He has no rights which are assured by the certificate. But the certificate issued on the sale would, upon grounds already stated, be as worthless and inoperative as the deed, and, upon the proof in this case, would therefore be ineffectual as a lien if no deed had been issued. * * * The sale and tax certificate issued thereon are void, and said certificate is therefore not a lien upon the lands in suit. It is beyond the power of the Legislature to either transfer land or incumber it by a lien under the pretense of a sale for delin-. .quent taxes in a case where no valid tax has been assessed or levied."

In answer to the contention of the defendant in that case that, as he had redeemed the lands from such sale, he was entitled to have the sum paid created as a lien on the land superior to that of the plaintiff, the court said:

"The defendant had no right to make such redemption or to pay such taxes, other than the rights which he acquired under the tax deed and tax certificate, which have been considered and held to be worthless.. The defendant, therefore, was, as to these lands, a mere volunteer. He may have paid the taxes and redeemed the land in good faith, but this does not change his legal relation to the land; nor does such good-faith payment enable the court in this action to fasten a lien upon the lands superior to the plaintiff's mortgage lien. Defendant's remedy, if any, is against the county."

In respect of the assessments of the lands for 1897–98, the description was held by the Circuit Court to. be sufficient. There was, therefore, left to be considered only the objection made by appellee that the levy by the State Board of Equalization was made in percentages, instead of specific amounts. It had been the established holding of the Supreme Court of North Dakota, when this suit was brought, that a levy of taxes made by county commissioners in percentages rendered the sales and deeds based thereon absolutely void. Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241; Dever v. Cornwell et al., 10 N. D. 123, 86 N. W. 227. It was, therefore, apparently natural for the profession to assume that this ruling applied as well to the action of the State Board of Equalization. But, pending this suit, the Supreme Court, in Fisher v. Betts, 96 N. W. 133, differentiated the action of the assessment made by county commissioners from that of the State Board of Equalization, and held that a levy in percentages by the latter is valid. Without discussing the reasons for this distinction, it is sufficient that the statute is so construed by the Supreme Court of the state, which ruling this court will follow. It results, therefore, that there was no error in the action of the Circuit Court in adjudging the tax deed for taxes levied for the year 1891, and the tax certificates issued on the taxes for the year 1895, to be invalid.

The only remaining question to be considered is as to that part of the decree which, after finding that the tax certificates held by appellant for sales made in 1898 and 1899 are valid, ordered that on the payment of the taxes paid on said land by appellant, together with all penalties and interest, amounting in the aggregate to $201.96, within five days after entering the decree, the appellant should stand perpetually enjoined, etc. It appears that, pending this suit, notwithstanding the bill alleged that appellant was threatening to have the auditor issue a warning order fixing a time for the redemption of the land, and that the appellant was seeking to obtain a deed which would foreclose the right of the appellee to redeem, the appellant did cause said auditor to issue such warning order for the foreclosure of appellee's right of redemption, whereby the appellant claims that the right to a deed has ripened. The insistence of appellant now is that, when the Circuit Court found the last certificates of sale valid, the only decree it could make was a dismissal of the bill as to such certificates, thereby remitting the

appellee to the operation of the statutory method of redemption, feeling assured that in the present status of the case the day of grace is gone for redemption.

A court of equity, with its plenary power for administering exact justice, will not permit such a coup de main as attempted by appellant, pending the controversy within its jurisdiction, to obtain such an unconscionable advantage. The appellee had the right to appeal to the court to have the validity of the tax deeds and certificates determined and annulled, if invalid, as casting clouds on its title. As to several of them, the court rightly found they were invalid, and decreed their annulment. The state of the rulings of the local court at the time the suit was brought was such as to warrant the belief that the appellee in good faith assailed the validity of all of the certificates. Recognizing the obligation of him who seeks equity to do equity, the complainant below very properly stated in the 22d paragraph of the bill:

"That in case it shall be adjudged and determined that any of the claims of the defendant, Paine, to said real estate on account of taxes paid thereon by him, or on account of tax certificates thereon held by him, or otherwise, are valid, that it stands ready and willing to repay to said defendant any and all sums and amounts paid out by him on account thereof, with reasonable interest thereon."

And in the prayer of the bill (paragraph 24) it is stated:

"That in case any of the claims or demands of said defendant, Paine, for or on account of taxes paid upon said premises, or tax certificates or demands held by him against the same, be declared valid, that your orator be permitted to pay and discharge the same, with reasonable interest. And your orator asks for such other and further relief in the premises as may be just and proper."

What more could the appellee do? Its bill challenged the validity of the taxes. It could not be known until the end of the litigation what amount, if any, would be required to be paid. The bill, therefore, offered to do all the appellant could have rightly demanded at the time it was filed; that is, to pay to him whatever amount of taxes, interest, and penalties the court might find to be justly due to the appellant. The decree, when made, had relation back to the status of the rights of the parties as they existed when the suit was instituted, and no intermedial act of the appellant, dehors the court, could intercept its operation. A court of equity, after acquiring jurisdiction over the parties and subject-matter, does not administer justice by halves. It stops not short of adjusting to a finality the full rights and interests of both parties which pertain to the subject-matter brought by the bill and the answer within its jurisdiction, and "thus do complete justice to all the litigants, whatever may be the amount or nature of their interest, in the single proceeding, and thus bring all possible litigation over the subject-matter within the compass of one judicial determination." Pomeroy's Equity, vol. 1, pars. 181–242.

The decree of the Circuit Court is affirmed, with directions, on entering the mandate herein, to allow the appellee five days there-

after in which to pay the sum awarded, by the decree appealed from, to be paid to the appellant.

## On Rehearing.

In the motion for rehearing counsel for appellant complains of the statement, made in the opinion filed herein, to the effect that pending this suit the appellant caused the county auditor to issue a notice, designated in the opinion as "a warning order," fixing a time in which the appellee should redeem the land from taxes, whereby the appellant sought to obtain a deed to the land foreclosing the right of redemption. The writer of the opinion is frank to concede that he was led into the statement as to the time when said action was taken by the appellant from the statement made in appellee's brief; and, although counsel for appellant filed a reply brief, he did not controvert the fact. Naturally enough, therefore, the statement was assumed to be correct. It is claimed on the motion for rehearing that the said notice was in fact given prior to the institution of this suit to have the certificates set aside and the execution of the deeds enjoined.

Let it be conceded, for the purposes of this motion, that appellant is correct. It in no degree should modify the conclusion reached by the court, to wit, that inasmuch as the purpose of the bill was to have determined the validity of the successive tax levies made and certificates issued under sales for delinquent taxes, and the deeds made or threatened to be made thereon, set aside as casting clouds on the title, finding several of the assessments void, the court rightly decreed that the certificates and deeds based thereon should be nullified; that, the court having obtained jurisdiction over the whole subject-matter, it would retain jurisdiction to the end of doing full and complete justice between the parties and settle the whole controversy. So, notwithstanding on final hearing it transpires that as to the last assessments they were good, the court would regard the rights of the parties as they stood at the time of the institution of this suit; and as at that time the complainant had the right to redeem, and having offered in the bill to do equity by paying all the taxes found to be justly due and owing, with all interest and penalties, the rights of complainant at the time of entering the decree should have relation back to the date of the suit. To that rule of instinctive justice we adhere.

It is now insisted in the motion for rehearing that the Circuit Court and this court should have required, as a condition to the decree respecting the other assessments, etc., that the appellee pay to appellant the taxes, with interest paid out by him on the void assessments, certificates, and deeds. The quotation made in the former opinion herein from the decision of the Supreme Court of North Dakota in Sheets v. Paine, 10 N. D. 103, 86 N. W. 117, effectually answers this contention. The assessment being void, the appellant, Paine, was a mere volunteer, paying the taxes without the authority either of the landowner or the law. He could, therefore, acquire no lien in law or equity on the property for the sums

bid and paid by him. Therefore, as said by the Supreme Court of North Dakota, if he have any remedy at all, it is against the county, and not against the owner of the land, whose title he sought to acquire for the inconsequential sum of the taxes.

The motion for rehearing is denied.