CITY OF MINOT, Plaintiff and Appellant,

v.

Maynard KITZMAN, Defendant and Respondent.

No. 7466.

Supreme Court of North Dakota.

July 26, 1955.

Rehearing Denied Aug. 26, 1955.

Paul Campbell, Minot, for plaintiff and appellant.

Joseph P. Stevens, Minot, for defendant and respondent.

SATHRE, Judge.

This is an appeal from an order of the District Court of Ward County dismissing the appeal of the City of Minot from a judgment of the Police Magistrate acquitting the defendant of a charge of violating Section 203 of Chapter 8 of the Revised Ordinances of the City of Minot.

Said Section 203 is as follows:

"It shall be unlawful and punishable as provided in Section 8–204 for any person whether licensed or not, who

is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any highway within this city."

Section 204 of said Chapter 8 prescribes the penalty and is as follows:

"Every person who is convicted of a violation of Section 8–203, relating to habitual users of narcotic drugs and driving while under the influence of intoxicating liquor or narcotic drugs shall be punished by a fine of not more than one hundred dollars ($100.00), or by imprisonment for a period of not exceeding ninety (90) days or by both such fine and imprisonment. Provided, that the court in sentencing any person either for a first or a subsequent violation of this article may suspend any sentence of imprisonment or any part thereof, and make its order that the person so sentenced shall be precluded from driving any automobile within this city for a period of not to exceed ninety (90) days. Upon proof to the satisfaction of the court that such order has been disobeyed, such suspension shall be by the court revoked."

The facts in the case are as follows:

The defendant Maynard Kitzman was arrested by the police officers of the city of Minot and charged with driving while under the influence of intoxicating liquor in violation of Chapter 8, Section 203 quoted herein. He entered a plea of guilty to such charge. Thereafter upon showing duly made before the Police Magistrate he was permitted to withdraw his plea of guilty and was granted a trial. After such trial the Police Magistrate rendered a judgment of acquittal. The city appealed to the district court from this judgment. Upon motion of the defendant the appeal to the district court was dismissed. In its order of dismissal the district court held that there was no statute granting the right of appeal by the city from the judgment of acquittal entered by the Police Magistrate's court. The city of Minot appealed from the order of the District Court dismissing its appeal.

The sole question raised on this appeal is whether under the constitution and statutes of the state a city has the right to appeal from decisions of a Police Magistrate. Section 113 of the State Constitution provides:

"The legislative assembly shall provide by law for the election of police magistrates in cities, incorporated towns, and villages, who in addition to their jurisdiction of all cases arising under the ordinances of said cities, towns and villages, shall be ex officio justices of the peace of the county in which said cities, towns and villages may be located. And the legislative assembly may confer upon said police magistrates the jurisdiction to hear, try and determine all cases of misdemeanors, and the prosecutions therein shall be by information."

Section 114 of the Constitution provides:

"Appeal shall lie from the county court, final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law."

The only statute which provides for appeals to the district court from a judgment of a police magistrate is Section 40–1819, NDRC, 1943 which provides as follows:

"An appeal may be taken to the district court from any judgment in a police magistrate's court or in the court of a village justice of the peace in the same manner as is provided for by the taking of an appeal from a justice's court generally, except as otherwise provided in this section. No appeal shall be allowed unless the defendant shall enter into an undertaking with sufficient surety to be approved by the police magistrate or by the village justice of the peace, as the case may be, at the time and with the conditions following:

"1. If the sentence from which the defendant wishes to appeal requires the payment of a fine, such undertaking

shall be filed within ten days after the judgment is entered and shall be conditioned for the payment of the fine and costs and the costs of the appeal;

"2. If the sentence from which the defendant wishes to appeal requires the imprisonment of the defendant, such undertaking shall be filed within twenty-four hours after the judgment is entered and shall be conditioned for the payment of the costs of the appeal and the appearance of the defendant in execution of the judgment if the appeal should be determined against the defendant;

"3. If the sentence from which the defendant wishes to appeal requires the payment of a fine and the imprisonment of the defendant, such undertaking shall be filed within ten days after the judgment is entered and shall be conditioned for the payment of the fine and costs and the costs of the appeal and for the appearance of the defendant in execution of the judgment.

"On all appeals from a determination in a police magistrate's court or in a court of a village justice of the peace, the district court shall take judicial notice of all of the ordinances of the city or of the village, as the case may be."

The right of appeal conferred by said Section 40–1819 applies only to the defendant. The statute confers no right of appeal on the City. Section 40–1811, ND RC 1943 provides:

"In all cases not specifically provided for in this chapter, the process and proceedings in the court of a police magistrate or of a village justice of the peace shall be governed by the provisions of the laws of this state regulating proceedings in justices' courts in criminal cases."

Section 33–1234, 1953 Supp. NDRC 1943 provides:

"An appeal may be taken from a judgment of a justice of the peace or a police magistrate sitting as a justice

of the peace, to the district court by the state in a criminal action, upon any question of law, and by the defendant upon both questions of law and fact, at any time within thirty days after the entry of judgment, by giving a notice of the appeal, and by the defendant giving bail for his appearance in district court as prescribed in this chapter. Any defendant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted."

Under Section 114 of the Constitution quoted herein "Appeals shall lie from * * final decisions * * * police magistrates in such cases and pursuant to such regulations as may be prescribed by law." As we have pointed out the only statutes which have reference to appeals to the district court from a judgment of a police magistrate are Sections 40–1819 and 40–1811, supra. Section 40–1819 provides that an appeal may be taken to the district court from any judgment of a police magistrate's court or in the court of a village justice of the peace in the same manner as is provided for by the taking of an appeal from a justice's court generally *except as otherwise provided in this section.* It provides that no appeal shall be allowed unless *the defendant* shall enter into an undertaking, etc. There are three subdivisions, each of which refers to requirements to be complied with by the defendant in order to perfect his appeal. No reference is made to appeals by the city or municipality. All the requirements and regulations prescribed by this statute apply only to appeals by the defendant. Section 40–1811 makes no reference to appeals by the city or municipality; it provides that in all cases not specifically provided for in this chapter the process and proceedings in the court of a police magistrate or of a village justice of the peace shall be governed by the provisions of law in this state regulating proceedings in justices' courts in criminal cases.

636

In 62 C.J.S., Municipal Corporations, § 364, p. 707 it is stated:

"When the jurisdiction over the proceedings for the violation of a municipal ordinance or regulation is conferred on a particular court, its decision when acting within its jurisdiction is final, and there is no right to review it except when authorized by law. The right to appeal is purely statutory and is a right which it is within the province of the legislature to allow or withhold."

And in Vol. 9 McQuillan, Mun. Corp., 3rd Ed., Sec. 27.65, page 719 a statement of similar import is made.

"The right to review proceedings for violation of a municipal ordinance by appeal, not being inherent, exists only when authorized by law. No such right is recognized at common law—unless guaranteed by the constitution it is wholly statutory. The principle is well established that, when a particular jurisdiction is conferred upon an inferior court, its decision when acting within its jurisdiction, is final, unless provision is made for an appeal from such decision."

Counsel for appellant argues that under the provisions of Section 33-1234, 1953 Supp. NDRC 1943, quoted herein, the city of Minot has the right of appeal.

It will be noted that under this statute an appeal may be taken from a judgment of a police magistrate "sitting as a justice of the peace".

In the case of Espeland v. Police Magistrate's Court, 78 N.D. 349, 49 N.W.2d 394, we held that said statute has no application to an action before a police magistrate for the violation of an ordinance of a city, and that it applies only where a police magistrate sits as a justice of the peace in a criminal action. In such cases the police magistrate is functioning solely in the capacity of a justice of the peace in hearing and determining issues arising under criminal statutes of the state.

Since there is no statute in this state authorizing appeals by cities from final judgments of police magistrates acquitting a defendant of violation of a city ordinance the order of the district court dismissing the appeal is affirmed.

BURKE, C. J., and JOHNSON, GRIMSON and MORRIS, JJ., concur.