**CITY OF MINOT, Plaintiff and Appellant,**

v.

**Hope WHITFIELD, Respondent.**

**No. 7488.**

Supreme Court of North Dakota.

Aug. 29, 1955.

Paul Campbell, Minot, for appellant.

Ella Van Berkom, Minot, for respondent.

GRIMSON, Judge.

On August 29, 1953, one Leonard Dahl, a policeman in the City of Minot, signed a complaint before the Police Magistrate, charging Hope Whitfield with driving a motor vehicle while under the influence of intoxicating liquor in violation of the Minot City ordinances. A warrant was issued and the defendant taken into custody. A hearing on the complaint was had. Mrs. Whitfield was represented by her attorney. The defendant was found guilty and sentenced to serve 50 days in jail and to pay a fine of $95 and costs taxed at $5. In default of the payment of the fine and costs defendant was ordered to be imprisoned in the county jail for a term of forty days at hard labor. Defendant promptly appealed to the district court of Ward County and put up an undertaking on appeal. In due time the case was tried in district court before a jury. The defendant was found not guilty. Thereupon the City of Minot made a motion in district court for a new trial. The motion was denied. The City of Minot takes this appeal from the order of the district court denying the plaintiff's motion for a new trial. The error assigned by the plaintiff, City of Minot, is the refusal of the court to admit in evidence the results of the use of the Hargar "Drunk-o-Meter" test on the

defendant for the purpose of establishing percentage of alcohol in her breath.

The defendant contends that the City of Minot has no right to a new trial after the acquittal of the defendant.

■ That raises the question whether an action under the city ordinances under which defendant was prosecuted was a civil or criminal proceeding. An examination of the cases discloses that the decisions in each case are largely based on the nature of the ordinance and whether the object is the collection of a penalty or the punishment of a crime.

This court discussed the matter somewhat in the case of the Village of Litchville v. Hanson, 19 N.D. 672, 124 N.W. 1119, 1120. A Litchville ordinance provided for the licensing of dogs and a penalty by way of a fine for violation thereof. The court said:

"At common law punishment for the violations of municipal ordinances were treated in the light of civil actions; the imprisonment after the non-compliance with the order of the court imposing the payment of a fine being looked upon, not in the light of punishment, but as a means of compelling a compliance with the order of the court and of enforcing payment."

The court quotes In Ex parte Hollwedell, 74 Mo. 395 as follows:

"Nor do we regard the violation of the ordinance under consideration as a crime since 'a crime is an act committed in violation of public law', a law co-extensive with the boundaries of the state which enacts it. Such a definition is obviously inapplicable to a mere local law or ordinance passed in pursuance of and in subordination of the preservation of peace and good order in a particular locality."

It is clear that this court did not go any further than to hold that an action under local ordinance, such as the one involved in that case, was not strictly a criminal proceeding.

This question whether actions for violation of municipal ordinances are of civil or criminal nature has been before the courts of many of the states. The conclusions of the courts show a great divergence of opinion. It seems that the nature of the ordinance and the seriousness of the penalty prescribed have largely controlled the conclusions of the courts. It is generally held that at common law a violation of an ordinance was treated as a civil action. 14 Am. Jur. Criminal Law, Sec. 9, p. 759. It is also held that when an ordinance provides simply for a fine and provides a penalty to aid in the collection thereof civil procedure must be followed. People ex rel. Kane v. Sloane, 98 App.Div. 450, 90 N.Y.S. 762. In re Cox, 129 Mich. 635, 638, 89 N.W. 440. The conviction for violation of an ordinance of the City of Detroit, which restricts the use of public places, was held not to "rise to the dignity of criminal proceedings." The cases disclose, however, that as the seriousness of the matter involved in the ordinance and the penalty for violation increased, the courts have been more inclined to consider a violation of an ordinance as quasi criminal. In Stevens v. City of Kansas City, 146 Mo. 460, 48 S.W. 658, 659, the court said:

"A proceeding in a police court to punish a violation of a municipal ordinance by a fine or imprisonment is civil in form, and quasi criminal in character. * * * It is governed by the rules of pleading applicable to civil cases, but, if it was solely civil, no fine or imprisonment could be inflicted. It is, therefore, a quasi civil and criminal action. Partaking of features of each, its similitude to either is not complete."

In the case of O'Haver v. Montgomery, 120 Tenn. 448, 111 S.W. 449, 451, 127 Am.St. Rep. 1014, the court in discussing the procedure for violation of ordinances said:

"So it is perceived the action is partly criminal and partly civil; a criminal action in substance and purpose, and partly civil and partly criminal in the practice governing it."

In cases where the violation of an ordinance is also a violation of a state-wide statute, it is generally held that a prosecution for a violation of such ordinance is governed by the rules of criminal procedure.

In Ex parte Clark, 24 Cal.App. 389, 141 P. 831, 833, the trial was under an ordinance declaring the sale of intoxicating liquor to be unlawful and providing a specific penalty of $40 for the breach thereof and imprisonment if not paid. The court said:

"The defendant is being proceeded against for an infraction of an ordinance of the city of Sanger, adopted as a police regulation, and making unlawful the sale of intoxicating liquors in that city. The inhibited act is in its very nature an offense against the public welfare, and has always been so regarded when ordinances forbidding its commission have come under review; besides, it is expressly made a misdemeanor by the terms of the Municipal Incorporations Act; and in addition to this the defendant is actually being deprived of her liberty by being incarcerated in the county jail at public expense, in which fact or condition the general public is interested in a twofold sense. We think the offense to be clearly public in its nature, and the proceedings as clearly criminal in its character."

In Spokane v. Smith, 37 Wash. 583, 79 P. 1125, 1126, the court said:

"Appellants argue that charges for the violation of municipal ordinances are quasi criminal and not criminal causes. It is true, they have been often so designated, but, where one is arrested and restrained of his liberty, the proceeding partakes of all the essential features of a criminal cause, and it would seem to be immaterial by what name it is called." The court held the case was triable on appeal "in the same manner as an ordinary criminal case."

In City of St. Louis v. Young, 235 Mo. 44, 138 S.W. 5, 8, the court in discussing proceedings under a city ordinance said:

"Criminal character of such cases lies then in the fact that their object is to punish, and that the proceeding involves the arrest and physical restraint of the person charged. His arrest is an incident to the criminal phase of the case, so that, when he is in custody in said proceeding, he is in custody on a criminal charge."

The nature of an action or proceeding for violation of a municipal ordinance has been thoroughly annotated in 33 L.R.A. p. 33, 48 L.R.A.,N.S., 156, and Ann.Cas.1917A, 220. In the first-mentioned annotation it is said:

"The question as to how far and to what extent, proceedings for violations of the ordinances of municipal corporations are to be regarded as prosecutions for crime, would seem to depend to a great extent upon the question as to whether or not such offenses are made punishable by the common or state law as crimes or misdemeanors."

In case of State v. Vail, 57 Iowa 103, 10 N.W. 297, the court said regarding the prosecution under ordinance prohibiting the sale of liquors:

"It only remains to be determined whether or not this was a criminal proceeding. It appears to us that where authority is given to a municipal corporation to pass ordinances, the violation of which is punishable with fine, or fines and imprisonment, the proceedings thereunder are necessarily criminal proceedings. See Jaquith v. Royce, 42 Iowa 406. All of the proceedings in the district court, upon appeal, are the same as upon appeals from the judgments of justices of the peace under the criminal laws of the state. Now, when the state has delegated authority to a municipal corporation to

enact ordinances for the punishment of offenses as crimes, the proceedings are criminal, and an acquittal upon appeal to the district court is an end of the defendant's liability."

The ordinance which the defendant was charged with violating reads as follows:

"It shall be unlawful and punishable as provided in 8–204 for any person, whether licensed or not, who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any highway within this city."

The punishment provided for in ordinance 8–204 is a fine of not more than $100 or imprisonment for a period of not exceeding ninety days or by both such fine and imprisonment. It will be noticed that there may be imprisonment without a fine. That shows the ordinance to be clearly of a criminal nature.

The defendant was arrested on a complaint signed by a policeman. She was taken into custody. She was given a hearing and convicted in police magistrate's court. She was sentenced to serve 50 days in jail. Clearly that indicates that the object sought was punishment. She appealed according to the statutes for appeal by the defendant from a conviction in police magistrate's court, Sec. 40–1819, NDRC 1943. She was being tried for a violation of an ordinance which prohibited driving while under the influence of intoxicating liquor. That is an offense also prohibited by state law, Section 39–0801, 1949 Supp. NDRC 1943. That is an ordinance not only to prevent local offenses but to protect peace and welfare of the community and the state and to punish a public wrong. It follows that this case is in the nature of a criminal action and subject to trial under the rules of criminal procedure.

The defendant was acquitted by the jury on the trial in district court. Plaintiff immediately made a motion for a new trial which was denied. The plaintiff then appeals to this court from order denying the motion for a new trial.

Causes for granting a new trial in a criminal case are prescribed by Section 29–2402, 1953 Suppl. NDRC 1943. According to that section only the defendant can apply for a new trial when a verdict has been rendered against him. There is no provision for granting the plaintiff, the City of Minot, the right to move for a new trial after the acquittal of the defendant. Amend 5, U.S. Constitution and Section 13 of the North Dakota Constitution provide that "No person shall be twice put in jeopardy for the same offense." In the case of State v. Kelsey, 49 N.D. 148, 190 N.W. 817, this court says:

"When the court rendered a judgment of acquittal, exonerating the bondsmen and discharging the defendant, its jurisdiction over the defendant ceased. No actual controversy concerning the subject-matter or the defendant remained", and the court held: "That the questions presented are moot, and the court has no jurisdiction thereover."

The district court correctly denied the motion for a new trial.

The order of the District Court is affirmed.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.