STATE of North Dakota, Plaintiff
and Appellant,

v.

R. M. HART, President of the First Amer-
ican Bank and Trust Company, Bismarck,
North Dakota, Defendant and Respondent.

Cr. 366.

Supreme Court of North Dakota.

Nov. 15, 1968.

Gerald W. VandeWalle, Asst. Atty. Gen.,
Dale Jensen, State's Atty., and William
Heigaard, Asst. State's Atty., Bismarck,
for plaintiff-appellant.

Conmy, Conmy, Rosenberg & Lucas, Bis-
marck, for defendant-respondent.

DOUGLAS B. HEEN, District Judge.

The State of North Dakota appeals from
an order of the Burleigh County Court of
Increased Jurisdiction quashing an amend-
ed criminal complaint which charged the
defendant with paying interest at a greater
rate than authorized by the State Banking
Board. N.D.C.C. § 6–03–63.

At the outset of proceedings in this
court the defendant moved for dismissal of
the State's appeal on the ground that the

county court's order quashing the criminal complaint is not appealable. As supportive authority he relies on N.D.C.C. § 29–28–07, which reads:

> 29–28–07. From what the state may appeal.—An appeal may be taken by the state from:
>
> 1. An order quashing an information or indictment or any count thereof;
>
> 2. An order granting a new trial;
>
> 3. An order arresting judgment; or
>
> 4. An order made after judgment affecting any substantial right of the state.

North Dakota Century Code.

Under this statute, so the defendant argues, the State has no right of appeal in this case, because the order appealed from is one quashing an amended complaint charging the defendant with a misdemeanor, rather than an information or indictment alleging commission of a public offense. Cited in support of this argument is State v. Bauer, 153 N.W.2d 895 (N.D. 1967), which holds that the State has no appeal from a justice court order dismissing a criminal complaint, because such an appeal is not expressly enumerated by N.D.C.C. § 29–28–07, only an order quashing an information or an indictment being appealable by the State under the express terms of that statute.

N.D.C.C. § 27–08–20 confers upon county courts of increased jurisdiction those powers formerly vested in the justices of the peace. The defendant accords recognition to this statute, as he does to N.D.C.C. § 33–12–40, which sets out that the sole method of attacking a criminal complaint in justice court is by motion to dismiss. See State v. Bauer, supra.

However, he maintains that a motion to quash the complaint is also available in county court because of the holding of State v. Buehler, 125 N.W.2d 155 (N.D. 1963), that a criminal complaint, when viewed in constitutional context, is equivalent to a criminal information, thus satisfying the requirement of the North Dakota Constitution that all criminal prosecutions be by information or indictment. The net effect, the defendant argues, is that procedures by statute expressly applicable only to criminal informations, including motions to quash, also may be employed to attack a complaint.

Finally, the defendant, despite successful resort in county court to just such a motion to quash the amended criminal complaint, now argues paradoxically that no appeal lies from the county court's order quashing, since it quashed a complaint rather than its formal equivalent, an information.

By statute, the rules of practice and procedure in criminal actions in district courts and in county courts of increased jurisdiction are similar. N.D.C.C. § 27–08–24. Because of this intended uniformity of practice and procedure and because, as previously pointed out, there is no real distinction between a criminal information and a criminal complaint under our law, a motion to quash, based upon the enumerated grounds of N.D.C.C. § 29–14–04 having reference to criminal informations, is available and may be employed in a county court of increased jurisdiction to test the jurisdictional and legal sufficiency of a criminal complaint. Accordingly, in the instant case the defendant was entitled to so test the vulnerability of the amended criminal complaint in the county court. It follows that the order granting the motion to quash the complaint is appealable, just as is an order granting a motion to quash an information.

Comment should be made that N.D.C.C. § 33–12–40, which details justice court practice and procedure, and, more particularly, motions to dismiss criminal complaints in that court, is definitive of and restricted to justice court practice and procedure and has no application to county courts of increased jurisdiction.

Turning to the merits of the order of the county court quashing the amended criminal complaint, we hold that order to be in error and by this decision reversed.

The defendant is accused of having violated N.D.C.C. § 6–03–63, which reads:

> 6–03–63. Interest on deposits—Rate payable—Misdemeanor.—No state banking association shall pay interest on deposits, directly or indirectly, at a greater rate than four per cent per annum unless authorized by the state banking board to pay a greater rate, which in no case shall exceed six per cent per annum. * * Any officer, director, or employee of any association violating the provisions of this section, directly or indirectly, is guilty of a misdemeanor.

North Dakota Century Code.

In quashing the amended criminal complaint, the county court ruled that the trust company of which the defendant allegedly is an officer was organized under the provisions of N.D.C.C. ch. 6–05; that N.D.C.C. § 6–03–63 is limited by its terms to *banking associations*; that the charging statute could not be enlarged to include *banking institutions;* and that the defendant, being an officer of a *banking institution* as defined by N.D.C.C. § 6–01–02(3) and not an officer of a *banking associa-tion*, was entitled to an order quashing the amended complaint.

N.D.C.C. § 6–05–34 expressly provides that N.D.C.C. § 6–03–63, the statute which it is alleged that the defendant trust company officer violated, shall be applicable to and shall be observed by all trust companies organized under N.D.C.C. ch. 6–05. The county court having found that the trust company here involved is of this classification, that is, organized under N. D.C.C. ch. 6–05, a finding not disputed by the defendant, it follows that the defendant is a corporate officer against whom the offense in question could be instituted.

The order of the Burleigh County Court of Increased Jurisdiction quashing the amended criminal complaint in this case is reversed, and this cause is remanded to that court for arraignment and appropriate proceedings upon the plea to be entered.

TEIGEN, C. J., and PAULSON, ERICKSTAD and KNUDSON, JJ., concur.

STRUTZ, J., deeming himself disqualified, did not participate; Honorable DOUGLAS B. HEEN, one of the judges of the Second Judicial District, sitting in his stead.