The CITY OF MINOT, a municipal corporation, Plaintiff and Appellant,

v.

Raymond O. KNUDSON, Defendant and Respondent.

Cr. No. 411.

Supreme Court of North Dakota.

Feb. 19, 1971.

K. M. Knutson, Minot, for plaintiff and appellant.

Waldron & Kenner, Minot, for defendant and respondent.

PAULSON, Judge.

The City of Minot, North Dakota, has appealed from the order of the district court of Ward County, North Dakota, entered on July 1, 1970, and from that certain order of the district court of Ward County dated August 27, 1970, amending and correcting the said order of July 1, 1970, and granting the motion of the defendant, Raymond O. Knudson, to quash the complaint filed in the municipal court of the City of Minot charging Mr. Knudson with the offense of driving a vehicle upon a city street while under the influence of intoxicating liquor. The facts of this case have been stipulated both by the City of Minot and Mr. Knudson.

On December 20, 1969, Mr. Knudson was involved in a one-car accident in the City of Minot. A Minot police officer was dispatched to the scene of the accident, but he did not observe Mr. Knudson actually operating his vehicle. After talking to Mr. Knudson and observing him, and while making an investigation of the accident, the police officer determined that he had reasonable cause to believe that Mr. Knudson had operated his vehicle while under the influence of intoxicating liquor. The police officer arrested Mr. Knudson without a warrant shortly after 6:16 p. m. on December 20, 1969, at the scene of the accident. Pursuant to the implied consent statute of North Dakota, Mr. Knudson was requested to permit a sample of his blood to be taken and analyzed for alcoholic content. Mr. Knudson complied with this request. A hearing was held in Minot Municipal Court and Mr. Knudson, upon arraignment in municipal court, moved to quash the complaint on the ground that the arrest was illegal; and he also moved to suppress as evidence the chemical analysis of his blood because it was not obtained subsequent to a legal arrest. The municipal judge refused to dismiss the charge or to suppress the evidence of the blood sample analysis. Subsequently, Mr. Knudson was found guilty of the charge of operating a motor vehicle while under the influence of intoxicating liquor. Mr. Knudson then appealed to the Ward County District Court and a trial de novo was demanded. When the case was reached for trial in the district court, Mr. Knudson renewed his motion to quash the complaint and to suppress the evidence and an order was granted pursuant to a motion to quash the complaint and vacate the judgment of the municipal court. The complaint was quashed by the district court for the reason stated by that court, namely, that the arrest was illegal because it had been made without a warrant, at night, in violation of §§ 29-06-08 and 29-06-16, North Dakota Century Code; and the motion to suppress the evidence was granted. The district court held that, notwithstanding subsection 6 of § 29-06-15, N.D.C.C., an arrest at night without a warrant for a misdemeanor violation of driving while under the influence of alcoholic beverages would be an illegal arrest when the violation had not been committed in the presence of the arresting officer. After the City of Minot had appealed to the Supreme Court, Mr. Knudson filed a motion with this court to dismiss the appeal on the grounds that the Supreme Court is without jurisdiction to hear this appeal in that the City of Minot is without statutory or constitutional authority to perfect an appeal in this case. The motion further states that Mr. Knudson had been placed once in jeopardy by the trial in the municipal court and, his bond having been released, it would constitute double jeopardy and would contravene the Fifth Amendment of the United States Constitution and Section 13 of the North Dakota Constitution to grant the appellant a review and a reversal of the district court decision. On the day set for oral argument before this court, and prior to hearing the oral arguments with reference to the merits of the case, both parties were given an opportunity to present their respective contentions in support of, and

against, Mr. Knudson's motion. Consideration of the arguments on the motion and on the merits encompass the same legal issues, and therefore will be combined for the purposes of this opinion. Neither of the litigants has raised any issue with reference to the sufficiency of the "reasonable cause" under which the arrest was made, or to the constitutionality of subsection 6 of § 29–06–15, N.D.C.C.

The primary issue is whether the City of Minot has the right to appeal from an order granting a motion to quash a complaint; and, if so, can an arrest be made at night, for driving under the influence of an alcoholic beverage, by a police officer without a warrant when he has not witnessed the driver operating the vehicle in question.

The relevant constitutional and statutory provisions are as follows:

Article V of the Amendments to the United States Constitution:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any Criminal Case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

Section 13 of the North Dakota Constitution:

"In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

Section 1–02–07, North Dakota Century Code:

"Particular controls general.—Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

Section 29–06–08, North Dakota Century Code:

"When arrest made for felony—Misdemeanor.—An arrest for a felony may be made on any day and at any time of the day or night. An arrest for a misdemeanor can be made at night only upon the direction of the magistrate endorsed upon the warrant."

Section 29–06–15, North Dakota Century Code:

"Arrest without warrant.—A peace officer, without a warrant, may arrest a person:

\* \* \* \* \* \*

"6. On a charge, made upon reasonable cause, of driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages."

Section 29–06–16, North Dakota Century Code:

"Arrest at night—Reasonable cause.—A peace officer at night may arrest a person for a public offense without a warrant, if:

"1. The offense was committed or attempted in his presence; or

"2. He has reasonable cause to believe that the person arrested has committed a felony, though it afterwards appears that the felony was not committed."

Section 29–28–07, North Dakota Century Code:

"From what the state may appeal.— An appeal may be taken by the state from:

"1. An order quashing an information or indictment or any count thereof;

\* \* \* \* \* \*"

■ The question of Mr. Knudson being placed in double jeopardy should the order of the district court be reversed is not a valid issue in this case because a defendant waives his constitutional protection against being placed in double jeopardy after a verdict or judgment against him is set aside at his own instance, either by motion in a trial court or by a successful appeal. 21 Am.Jur.2d, Criminal Law § 209, p. 253; 1 Wharton's Criminal Law and Procedure § 142, p. 336. The United States Supreme Court held, in United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964), that the double jeopardy clause of the Fifth Amendment of the United States Constitution does not preclude a retrial of a defendant whose conviction has been set aside because of an error in the proceedings leading to conviction, whether the relief is obtained on direct appeal or by collateral attack, and whether or not the case has gone to the jury. We accordingly conclude that double jeopardy is not an issue in this case, because Mr. Knudson's motions have precluded him from claiming protection either under the Fifth Amendment of the United States Constitution or under Section 13 of the North Dakota Constitution.

■ We are next confronted with the issue of whether the City of Minot has a right of appeal in this case. If it does not have such a right, then, of course, Mr. Knudson is entitled to a dismissal of the appeal. The City of Minot agrees that the right to appeal ordinarily is limited to those grounds expressly authorized by law; and, further, that there is no statute which specifically provides for an appeal by the City from an adverse judgment of the district court in a case involving an alleged violation of a city ordinance. The City urges in support of its contention that it is entitled to a right of appeal by virtue of the authority granted under § 29–28–07, N.D. C.C. This section provides, in substance, that an appeal may be taken by the state from an order quashing an information or indictment, and cites State v. Hart, 162 N.W.2d 499 (N.D.1968), in which this court held that a motion to quash is available to test the jurisdictional and legal sufficiency of an amended criminal complaint (the equivalent of an information) charging a defendant with the commission of a public offense. It follows that an order granting a motion to quash a complaint is appealable, just as is an order granting a motion to quash an information.

This court, in two cases decided in the year 1955—that is, City of Minot v. Kitzman, 71 N.W.2d 633 (N.D.) and City of Minot v. Whitfield, 71 N.W.2d 766 (N.D.) —denied the city's right to appeal. In the *Kitzman* case, this court held that where the defendant was acquitted in the trial court, the city had no right of appeal; and in the *Whitfield* case, the Supreme Court denied the city's right to appeal from an order of the district court granting a new trial to the defendant. However, in a recent decision of this court, to wit: in the case of City of Bismarck v. Materi, 177 N.W.2d 530 (N.D.1970), the court, in considering the *Kitzman* and *Whitfield* cases which are the bases of Mr. Knudson's motion to dismiss the appeal and basically support Mr. Knudson's contentions in his argument on the merits, said:

"There are two things then that distinguish this case from the two previously cited cases so strongly relied upon by

the movant. The first distinguishing feature is that in this case the appeal that is being questioned is the appeal from the district court to this court, not an appeal from municipal court to district court, and the second distinguishing feature is that in this case the judgment appealed from is a judgment of dismissal based upon the ground that the ordinance itself is unconstitutional and not upon a finding that the ordinance was not violated.

"Noting those distinguishing features, are we nevertheless prohibited from considering the appeal on its merits for the reason that no statute appears to exist which specifically provides for an appeal on the part of a city from an adverse judgment rendered by a district court in a case involving an alleged violation of a city ordinance?

"Before we answer that question we think it important to note that if we were to apply the criminal procedure appropriate in an appeal by the State from an order granting a motion to quash an information or an indictment in district court, appeal would lie.

"See Section *29–28–07*, N.D.C.C., the pertinent part of which reads:

'*29–28–07.* From what the state may appeal.—An appeal may be taken by the state from:

'1. An order quashing an information or indictment or any count thereof; * * *' "

[City of Bismarck v. Materi, *supra* 177 N.W.2d at 536.]

█ In the case at bar, Minot has a city ordinance prohibiting an act which is also prohibited by state law and the commission of which provides a penalty, which may include incarceration. As stated in City of Bismarck v. Materi, *supra* 177 N.W.2d at 537:

"Under the reasoning of *Whitfield* applying criminal procedure to municipal

court, shouldn't the appeal by the City be allowed in this case? We think so * * *' "

We adopt the reasoning of City of Bismarck v. Materi, *supra*.

Having decided that the City may appeal in this case, we must now consider the issue raised on appeal; that is: Does subsection 6 of § 29–06–15, N.D.C.C., apply to an arrest at night? We conclude that it does. Section 29–06–15, N.D.C.C., provides that a peace officer, without a warrant, may arrest a person on a charge, made upon reasonable cause, of driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages.

█ Although § 29–06–15(6), N.D.C.C., is a statute dealing specifically with the charge of driving an automobile while under the influence of alcoholic beverages, § 29–06–16, N.D.C.C., is a statute governing the general arrest procedure in the State of North Dakota. Section 1–02–07, N.D.C.C., requires that the two statutes must be compared. The general rule on statutory construction is set forth in 82 C.J.S. Statutes § 369, as follows:

"General and special statutes should be read together and harmonized, if possible; but, to the extent of any necessary repugnancy between them, the special statute will prevail over the general unless it appears that the legislature intended to make the general act controlling."

█ This court held, in Walker v. Weilenman, 143 N.W.2d 689, 691 (N.D. 1966), in paragraphs 1 and 2 of the syllabus:

"1. Where an Act of the Legislature is ambiguous, the courts will give weight to the practical and contemporaneous construction placed upon it by the Attorney General and the officers charged with its administration.

"2. Generally, the mere fact that the Legislature enacts an amendment to an

existing statute is an indication that it thereby intended to change the original Act."

 This court further held, in Walker v. Peterson, 167 N.W.2d 151 (N.D. 1969), in paragraphs 1 and 2 of the syllabus:

"1. An Act of the Legislature will be construed by the courts in a practical manner and the words used in any statute will be understood in their ordinary sense.

"2. Courts will take judicial notice of the official acts of public officers, and of the public laws of this State. Judicial notice will also be taken of the times of such occurrences which constitute the history of this State and of the contemporaneous history of North Dakota in determining the legislative intent leading up to and including the passage of a law."

On March 11, 1970, the Office of the Attorney General of North Dakota provided the Ramsey County state's attorney's office with an opinion in regard to §§ 29–06–15 and 29–06–16, N.D.C.C. In his opinion, the Attorney General stated:

"As you have noted, subsection 6 of section 29–06–15 was enacted subsequent to the enactment of section 29–06–15. If there is any conflict, the provisions of section 29–06–15 would prevail. We are even more impressed, however, with the fact that subsection 6 is a specific statute which applies directly to the charge of driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages. Section 29–06–16 is a general statute having no specific reference to any particular charge. A specific statute prevails over a general statute in case of an irreconcilable conflict. See section 1–02–07. We believe the Legislature clearly indicated that an arrest for driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages could be made without a warrant whether at night or any other time.

"In direct reply to your question, it is our opinion that section 29–06–15(6) is controlling in the event of an arrest made at night on the charge of driving while under the influence of alcoholic beverages."

 The 1969 Legislature was cognizant of the fact that the largest percentage of violations for operating a motor vehicle while under the influence of alcoholic beverages occur at night. The 1969 Legislature also carefully considered the fact that since the law was then being changed to provide that public intoxication was no longer a criminal offense, it was believed necessary to provide a different method for arresting a person who was intoxicated and in apparent control of a vehicle, but whom the peace officer had not actually observed driving or being in actual physical control of a vehicle while intoxicated. Thus, section 4 of Chapter 91 of the 1969 Session Laws (Senate Bill No. 286), creating subsection 6 of § 29–06–15, N.D.C.C., was added to Senate Bill No. 286. Therefore, the intent of the Legislature was clear. In that light, we conclude that subsection 6 of § 29–06–15, N.D.C.C., permits a peace officer, without a warrant, to arrest a person at night for the offense of driving a vehicle while under the influence of alcoholic beverages, so long as the peace officer has made the arrest upon reasonable cause. For the reasons stated in the opinion, the order of the district court is reversed and the case remanded for trial.

STRUTZ, C. J., and ERICKSTAD, J., concur.

TEIGEN, Judge (dissenting).

I dissent on jurisdictional grounds for the reasons set forth in my dissenting opinion in City of Bismarck v. Materi, 177 N.W.2d 530–546 (N.D.1970).

KNUDSON, J., joins in the dissent of TEIGEN, J.