CITY OF BISMARCK, Plaintiff
and Appellant,

v.

Wesley W. HOOPMAN, Defendant
and Appellee.

Cr. No. 870333.

Supreme Court of North Dakota.

March 29, 1988.

As Corrected May 9, 1988.

Hugh P. Seaworth, City Atty. (argued), Bismarck, for plaintiff and appellant.

Pulkrabek & Tuntland, Mandan, for defendant and appellee; argued by Thomas M. Tuntland.

ERICKSTAD, Chief Justice.

In this appeal we are asked to determine whether or not the City of Bismarck (City) may appeal to county court from a municipal court's memorandum decision dismissing the City's complaint against Wesley Hoopman. Hoopman was arrested for being in actual physical control of a vehicle while under the influence of alcohol in violation of Bismarck City Ordinance 12–10–01.

The City appealed from the dismissal of the complaint against Hoopman to Burleigh County Court. The Burleigh County Court dismissed the City's appeal after concluding the City had no authority to appeal from a dismissal of its complaint. We reverse and hold that the City has a right to appeal pursuant to section 29–28–07(1), N.D.C.C., when the complaint alleges conduct violative of a city ordinance which is also expressly prohibited by state statute.

The facts leading to Hoopman's arrest are undisputed. Hoopman was asleep behind the steering wheel of an automobile parked in a private parking lot with the key in the ignition when a city police officer discovered him. The police officer awoke Hoopman and asked him to perform certain field sobriety tests. Based on Hoopman's performance, the city police officer arrested Hoopman for actual physical control of a motor vehicle in violation of Bismarck City Ordinance 12–10–01.[1]

1. The City's complaint charges Hoopman with being in actual physical control of a motor vehicle under Bismarck City Ordinance 12–10–01. The City's ordinance is based on § 39–08–01 of the North Dakota Century Code. Section 39–08–01(1), N.D.C.C., reads in part:

"*39–08–01. Persons under the influence of intoxicating liquor or any other drugs or substances not to operate vehicle—Penalty.*

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.

b. That person is under the influence of intoxicating liquor.

c. That person is under the influence of any drug or substance or combination of drugs or substances to a degree which renders that person incapable of safely driving.

d. That person is under the combined influence of alcohol and any other drugs or substances to a degree which renders that person incapable of safely driving."

Subsections 39–08–01(2)–(4), N.D.C.C., delineate the criminal offenses and prescribe minimum sentences for violation of § 39–08–01(1). Bismarck Municipal Ordinance 12–10–01 expressly adopts the criminal provisions contained in § 39–08–01 of the North Dakota Century Code. Bismarck City Ordinance 12–10–01 in pertinent part reads:

"*12–10–01. Persons Under the Influence of Intoxicating Liquor or Narcotic Drugs Not to Operate Vehicle; Penalty.*

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use if any of the following apply:

a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after driving;

b. That person is an habitual user of narcotic drugs or is under the influence of a narcotic drug;

c. That person is under the influence of intoxicating liquor;

d. That person is under the influence of any controlled substance to a degree which renders him incapable of safely driving; or

e. That person is under the influence of a combination of intoxicating liquor and a controlled substance to a degree rendering him incapable of safely driving.

"2. A person who violates any provision of this section is guilty of an offense. Sentence for a violation of this section shall be as provided by N.D.C.C. section 39–08–01."

■ The municipal judge dismissed the City's complaint in a memorandum opinion.[2] The only issue we consider is the City's right to appeal from the dismissal of the complaint against Hoopman to Burleigh County Court. Section 29–28–07(1), N.D. C.C., states:

"*29–28–07. From what the state may appeal.* An appeal may be taken by the state from:

1. An order quashing an information or indictment or any count thereof."

■ We have previously ruled that a motion to quash an information and a motion to dismiss an information are substantially equivalent, and an order which has the effect of quashing an information is appealable. *State v. O'Boyle*, 356 N.W.2d 122, 123 (N.D.1984); *State v. Hanson*, 252 N.W.2d 872, 874 (N.D.1977); *State v. Jelliff*, 251 N.W.2d 1, 4 (N.D.1977). We have also pointed out that "there is no real distinction between a criminal information and a criminal complaint under our law" for purposes of appealability under section 29–28–07(1). *State v. Hart*, 162 N.W.2d 499, 500 (N.D.1968). Thus we have construed section 29–28–07(1) to authorize appeals from a dismissal of an information and the quashing of a county court complaint. We have liberally construed section 29–28–07(1) to accommodate the "intended uniformity of practice and procedure" between district and county courts. *Hart, supra,* at 500. Adhering to this view, we believe section 29–28–07(1), N.D.C.C., authorizes a city to appeal from dismissal of its complaint when the complaint charges the defendant with an act proscribed by city ordinance which is also proscribed by a state statute.[3]

In *City of Minot v. Knudson*, 184 N.W. 2d 58, 59 (N.D.1971), we said:

"When a city ordinance prohibits an act which is also prohibited by state law and the commission of which provides a penalty which may include incarceration, criminal procedure should apply to the municipal court and the city be allowed to appeal from an adverse decision quashing a complaint."

*Knudson* involved an appeal by a city from a district court order quashing the city's complaint. We allowed the city to appeal in *Knudson* to promote uniformity of criminal procedure between city and county courts. Our decision today is another step in the same direction. By giving the terms "state," "information," and "indictment" broad meaning, we permit appeal by a city which will contribute to uniformity of decisions on questions of state criminal law.

The legislature's intent to have uniformity in criminal law throughout the state is clearly expressed in section 12.1–01–05, N.D.C.C., which reads:

"*12.1–01–05. Crimes defined by state law shall not be superseded by city or county ordinance or by home rule city's or county's charter or ordinance.* No offense defined in this title *or else-*

---

The City contends the municipal court believed the legislature intended to change the result of our decision in *State v. Novak*, 338 N.W.2d 637 (N.D.1983), wherein we determined that a motorist may be charged with actual physical control pursuant to section 39–08–01, N.D.C.C., while parked in a field near a public highway. The 1983 legislative session amended § 39–08–01 and bifurcated driving under the influence and being in actual physical control of a motor vehicle into two separate subsections. Our recent decision in *State v. Thomas*, 420 N.W.2d 747, 753 (N.D.1988), expressly rejects the municipal court's alleged view. Whether or not Hoopman may be charged with actual physical control is not before us, however.

2. The municipal judge rendered a memorandum opinion which we have construed to be a final order in light of its language which reads: "[I]t is my holding that the APC Ordinance [12–

10–01] does not apply in this case as the events occurred on a private area to which the public had no right of access.... Defendant's Motion to Dismiss for lack of ordinance violation is hereby granted." We have ruled in both criminal and civil cases that a memorandum opinion is appealable when the opinion contains an order which was intended to be a final order and the final order is an order from which an appeal may be taken pursuant to statute. *State v. Gelvin*, 318 N.W.2d 302, 304 n. 1 (N.D.1982), *cert. denied*, 459 U.S. 987, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982); *Bond v. Busch*, 313 N.W.2d 704, 705 n. 3 (N.D.1981).

3. Section 40–18–19, N.D.C.C., permits appeals from municipal court determinations. That section does not expressly grant a city the right to appeal from a dismissal of its complaint.

*where* by law shall be superseded by any city or county ordinance, or city or county home rule charter, or by an ordinance adopted pursuant to such a charter, and all such offense definitions shall have full force and effect within the territorial limits and other jurisdiction of home rule cities or counties. This section shall not preclude any city or county from enacting any ordinance containing penal language when otherwise authorized to do so by law." [Emphasis added.]

Section 12.1–01–05 was enacted during the 1973 legislature as Senate Bill 2046, after a 1971–73 interim committee considered whether or not a municipal ordinance, especially an ordinance enacted by a home rule city, may supersede a state statute.[4] The legislature's intent to uniformly apply criminal law throughout the state, as expressed in section 12.1–01–05, N.D.C.C., would not be carried out if complaints dismissed in county court were appealable but complaints dismissed in municipal court were not appealable.

To give meaning to 12.1–01–05, N.D.C.C., we must either give expansive meaning to section 29–28–07(1), N.D.C.C., as previously herein described, or we must find that 12.-1–01–05, N.D.C.C., impliedly amends section 40–18–19, N.D.C.C. Our reasoning convinces us we could do either or both. We have chosen to do the former.

We conclude the legislature could not have intended the disparate results which would occur if section 29–28–07(1), N.D.C.C., were construed not to permit appeal by the City under the circumstances of this case. Accordingly, we hold that the City of Bismarck is entitled to appeal from the dismissal of its complaint to county court.

The county court's order dismissing the City's appeal is reversed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

4. The Legislative Council's summary of the committee's discussion is as follows:

"During the course of its study, a Committee member noted that a city attorney of a home rule city had ruled that ordinances of that city could supersede the state criminal law relating to Sunday business or labor. After discussion of this report, it was the consensus of the Committee that state criminal laws should operate throughout the State, and should not be superseded by home rule charters or ordinances. However, it was not legally clear whether home rule charters or ordinances could supersede state criminal laws, although it seemed that the intent of the Legislature, in passing the home rule authorizing legislation, was not to authorize the supercession of state criminal laws.

"In order to bring the question squarely before the Legislature, the Committee is recommending a bill which creates a section stating that the criminal laws of the State shall have full force and effect in home rule cities. The Committee did not have time to study fully the ramifications of this bill, especially as regards the need to ensure the full force and effect of other state laws. Thus, the Committee hopes that it can be studied during the Session, or during the interim between the passage of the bill and its effective date, which is set at July 1, 1975." Report of the North Dakota Legislative Council, Forty-Third Legislative Assembly, at 93 (1973).