**CITY OF DICKINSON, Plaintiff and Appellant,**

v.

**Elden A. KRAFT d/b/a Broadway Bar Company, Defendant and Appellee.**

Cr. No. 900376.

Supreme Court of North Dakota.

June 25, 1991.

Vince H. Ficek (argued), City Atty., Dickinson, for plaintiff and appellant.

Howe, Hardy, Galloway & Maus, PC, Dickinson, for defendant and appellee; argued by Mary E. Nordsven.

MESCHKE, Justice.

The City of Dickinson appeals from a judgment acquitting Elden A. Kraft of dispensing liquor to a minor in a licensed establishment. We hold that the judgment of acquittal is not appealable, and we dismiss the appeal.

Kraft was charged by the City of Dickinson with violating Section 3–5 of the Dickinson City Code by dispensing alcoholic beverages to a minor and permitting that minor to remain on premises licensed to

sell alcoholic beverages.[1] In opening jury instructions, the trial court instructed that an essential element of the crime to be proved by the City was "[t]hat Elden A. Kraft d/b/a Broadway Bar Company is the license holder of said premises." At the close of the City's evidence, Kraft moved for a judgment of acquittal, arguing that the City had failed to prove the crime. The City resisted.

In keeping with NDRCrimP 29(a),[2] the trial court said that the City's pertinent exhibit did not show that Kraft was the licensee on December 7, 1989.

> COURT: I would invite you to examine your State's Exhibit One, consisting of five pages. The second page of which is an application for a license for 1990, dated December 13, 1989, and the tax sheet showing that the taxes were paid on certain real property in 1988 and a receipt showing that Mr. Kraft is licensed from January 1, 1990 to December 31, 1990, which as [sic] approved by the City Commission on December 18, 1989, 11 days after the incident. I want you to point out, Mr. Ficek, where in those documents is there any evidence to establish that

Mr. Kraft was the licensee on December 7, 1989.

The City's attorney argued that this oversight was not substantial and that testimony by Kraft's son had also referred to Kraft as the licensee. The trial court was not persuaded. The City then moved to reopen its case to produce additional evidence, but Kraft claimed prejudice if the City were to be allowed another attempt to marshal evidence. The trial court entered a judgment of acquittal.

The City appealed. Kraft moved to dismiss the appeal. That motion is dispositive.

The City has the same right to appeal that the State has "when the complaint charges the defendant with an act proscribed by city ordinance which is also proscribed by a state statute." *City of Bismarck v. Hoopman,* 421 N.W.2d 466, 468 (N.D.1988). *See also City of Minot v. Knudson,* 184 N.W.2d 58, 62–63 (N.D.1971). Kraft was charged with the same offense as proscribed by NDCC 5–02–06. *Compare City of Fargo v. Little Brown Jug,* 468 N.W.2d 392 (N.D.1991). Accordingly, the City's right to appeal is governed by NDCC 29–28–07.[3]

---

1. Dickinson City Code, Section 3–5 says:

   Any licensee who dispenses alcoholic beverages to a person under twenty-one years of age or who permits such a person to remain on the licensed premises while alcoholic beverages are being sold or displayed is guilty of a class B misdemeanor, subject to the provisions of sections 22–31 and 22–32 of this Code. *Any person under twenty-one years of age may remain in a restaurant where alcoholic beverages are being sold, if accompanied by a parent or legal guardian, or if employed by the restaurant as a food waiter, food waitress, busboy or busgirl under the direct supervision of a person over twenty-one years of age, and not engaged in the sale, disposition, delivery or consumption of alcoholic beverages. Any establishment where alcoholic [sic] beverages are sold may employ persons from eighteen to twenty-one years of age to work in the capacity of musicians under the direct supervision of a person over twenty-one years of age.*

   Section 22–31 establishes the penalty for a violation of Section 3–5 by a person under the age of twenty-one, and lists exceptions to the ordinance's prohibitions. Section 22–32 creates a method for protecting the licensee when an individual misrepresents an age.

2. NDRCrimP 29(a) says:

   *Motion before submission to jury.* The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

3. NDCC 29–28–07 says:

   *From what the state may appeal.* An appeal may be taken by the state from:
   1. An order quashing an information or indictment or any count thereof.
   2. An order granting a new trial.
   3. An order arresting judgment.
   4. An order made after judgment affecting any substantial right of the state.
   5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a sub-

■ There can be no appeal from a true judgment of acquittal. *State v. Flohr*, 259 N.W.2d 293 (N.D.1977). The City can, however, appeal from "[a]n order quashing an information or indictment or any count thereof." NDCC 29–28–07(1). This includes the right to appeal from a dismissal, regardless of its label, that has the same effect as an order quashing an information. *State v. Hogie*, 424 N.W.2d 630 (N.D.1988). A majority of this court holds that a dismissal based upon legal conclusions, rather than resolution of any factual element of the offense, is equivalent to an order quashing an information, and is therefore appealable by the State. *State v. Bettenhausen*, 460 N.W.2d 394 (N.D.1990); *State v. Thill*, 468 N.W.2d 643, 645 (N.D.1991). The propriety of this appeal depends upon whether the trial court reached only legal conclusions or resolved factual elements.

■ In a criminal case, the State must prove every element of the crime beyond a reasonable doubt. *State v. Vogel*, 467 N.W.2d 86, 89 (N.D.1991). If the State does not do so, the accused must be acquitted of the charge. Once acquitted, the accused cannot be retried on the same charge without violating the clause prohibiting double jeopardy in the Fifth Amendment of the United States Constitution. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). In this way, the Double Jeopardy Clause also limits the appealability of some final judgments in criminal cases.

■ The United States Supreme Court holds that the Fifth Amendment guarantee against double jeopardy bars retrial when the evidence is found legally insufficient by an appellate court.

Since we hold today that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only "just" remedy available for that court is the direction of a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978). (A second trial is barred when a conviction is reversed by an appellate court solely for lack of evidence). The constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). *See also State v. McMorrow*, 286 N.W.2d 284 (N.D.1979). In addition, Article I, Section 12 of the North Dakota Constitution commands protection against double jeopardy for the same offense.[4]

■ Acquittal by the trial court for lack of evidence also bars retrial, even when that acquittal is based on erroneous evidentiary rulings. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). *See also Finch v. United States*, 433 U.S. 676, 97 S.Ct. 2909, 53 L.Ed.2d 1048 (1977). *Sanabria* was recently reaffirmed in *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). "[A] ruling[,] that as a matter of law the State's evidence is insufficient to establish ... factual guilt[,] ... is an acquittal under the Double Jeopardy Clause." *Id.* 106 S.Ct. at 1748 (footnote and citations omitted). In this case, the trial court ruled that the City's evidence was insufficient to establish Kraft's factual guilt.

■ The question of what constitutes an acquittal, as distinguished from a dismissal, is not controlled by the trial court's characterization of the ruling. *State v. Melin*, 428 N.W.2d 227 (N.D.1988). "Rather, one must look at the substance of the judge's ruling, whatever its label, and determine whether it actually represents *a*

stantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.

4. The North Dakota Constitution, Article I, § 12 says:

In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law.

*resolution of some or all of the factual elements of the offense charged."* *Melin,* 428 N.W.2d at 229 (quoting *Flohr,* 259 N.W.2d at 295, which emphasizes language from *Martin Linen Supply Co.,* 97 S.Ct. at 1354–55). Thus, we assess the substance of the trial court's ruling to determine whether it actually represents a resolution of a factual element of the charged offense.

■ The trial court's order for judgment of acquittal in this case recites that the trial court

> determined that the City of Dickinson had failed to prove beyond a reasonable doubt that the Defendant, Elden A. Kraft, was the license holder of the premises known as the Broadway Bar on the date of the alleged violation and as a consequence thereof the City of Dickinson had failed to prove the first element of the offense of dispensing alcoholic beverages to a person under twenty-one (21) years of age, or permitting such person to remain on the licensed premises while alcoholic beverages were being sold.

"Legal consequences ordinarily flow from what has actually happened, not from what a party might have done from the vantage of hindsight." *Sanabria,* 98 S.Ct. at 2179 (citations omitted). The trial court, as it should, apparently assumed the truth of all information in the City's relevant exhibit, but found it deficient. Even though true, that information did not prove that Kraft was the licensee on December 7, 1989, the date of the charged crime.

NDRCrimP 29(a) authorizes a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense...." Since the trial court's ruling

resolved a factual element of the charged crime in favor of Kraft, the ruling was properly designated a judgment of acquittal. Neither NDCC 29–28–07 nor the Double Jeopardy Clause permits the prosecution to appeal a true judgment of acquittal. Therefore, we dismiss this appeal.

LEVINE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring in result.

I agree that the trial court resolved a factual element of the charged crime in favor of Kraft and that the result of that resolution is not appealable. I do not necessarily agree that the trial court was correct in its ruling [1] but that is an issue which we need not consider for, as the majority notes, "[a]cquittal by the trial court for lack of evidence also bars retrial, even when that acquittal is based on erroneous evidentiary rulings." I therefore concur in the result.

ERICKSTAD, C.J., concurs.

---

1. State's exhibit one was admitted without objection as to its relevancy or materiality. Unless the admission of such evidence were to rise to the level of obvious error, *see* Rule 52(b), NDRCrimP, *State v. Raywalt,* 436 N.W.2d 234 (N.D.1989), it was evidence the jury was entitled to consider. *Paine v. Willson,* 146 F. 488 (C.C.A.N.D.1906) [inadmissible evidence, introduced without objection, may establish the fact in controversy as conclusively as the best evidence regularly produced]; *Hannahs v. Noah,* 83 S.D. 296, 158 N.W.2d 678 (1968) [incompetent evidence if admitted without objection has probative value and may be considered with the same force and effect as proper evidence]. We have consistently iterated the principle that circumstantial evidence is sufficient to sustain a finding of guilty in a criminal action. *E.g. State v. Olson,* 290 N.W.2d 664 (N.D.1980) [mostly circumstantial evidence sufficient for conviction of murder]; *State v. Allen,* 237 N.W.2d 154 (N.D.1975) [circumstantial evidence sufficient for jury to draw inference defendant guilty of burglary].